## COOK *v.* BANK OF LOUISIANA.

A principal who avails himself of a purchase made by an agent by selling the property, will be bound to comply with stipulations made by the agent with the owner at the time of the purchase.

APPEAL from the District Court of West Feliciana, *Johnson*, J. *Patterson*, for the appellant. *Bowman*, for the defendants. The judgment of the court was pronounced by

ROST, J. The plaintiff mortgaged four tracts of land to the defendants to secure a loan of $3,600, which was subsequently reduced to $3,000. He afterwards sold two of those tracts to *Barrett*, who assumed the payment of the balance due the defendants. *Barrett* died without paying this sum, and, at the probate sale of his succession, the defendants purchased the two tracts of land, for $2,400. The price was paid by the plaintiff, and the defendants obtained a clear title. They subsequently sold that land for $4,000, part cash, and the remainder in notes bearing nine per cent interest. After this sale, the defendants sued out an order of seizure against the plaintiff for the sum of $3,000 and in-

terest, and caused the two other tracts of land mortgaged to be seized. The plaintiff enjoined the sale on the following grounds: 1st. That he was entitled to a credit of $2,400, paid by him, for the defendants, to the succession of *Barrett*. 2d. That he suffered the bank to purchase the property for that sum, and paid the price, on the express agreement between him and their cashier, that whenever the land was sold by them, the profits of the re-sale were to be applied to the payment of his debt. 3d. That the land has since been sold for an amount more than sufficient to discharge his indebtedness, and that he has a just claim in reconvention for the difference. The defendants allowed the credit of $2,400; and the court below having given judgment in their favor for the balance and interest, the plaintiff appealed.

The person who was cashier of the defendants at the time of the purchase has been interrogated, on oath, by the plaintiff, in relation to the agreement alleged by him, and has answered as follows:

1st. I did agree with *Mr. Cook* to purchase in the land, to prevent its being sacrificed, and to give him an opportunity to dispose of it again, on better terms, if possible, the proceeds then to be applied to the payment of his bond; and it was understood that *Mr. Cook* was to pay the whole amount of this bond, whether this land produced the amount it was bid in at, or less.

2d. I do not recollect whether there was a resolution of the board authorizing me to act in this matter, or not; but I had the verbal authority of such of the directors as I could see at the time, to attend at the sale, and act as I thought most advisable. If I had no authority to purchase, could the bank sell the property so purchased?

The defendants having since sold the land cannot be permitted to evade the stipulation on which it was acquired, unless they show that those stipulations have been expressly renounced by the plaintiff. The present cashier says, that, after the first seizure, the plaintiff came to him, and insisted upon his taking the land and giving him a credit for $2,400; that he remonstrated with the plaintiff as to the bank's giving that credit, and urged him to keep the land, and pay the bank a reasonable amount on the bond; but that he finally consented to allow it, and to give the plaintiff further time to pay the balance; that the delay given having expired, a second order of seizure was issued, on which, through error, that credit was not allowed.

We do not understand what this witness means. He seems to think that the legal effects of the purchase by the defendants, depended upon its being entered on their books, in the order of its date. The land belonged to the bank from the day of the adjudication. The mortgage upon it was extinguished by confusion, and the price paid by the plaintiff was compensated against an equal amount of his bond by operation of law, the defendants being entitled to the fruits of the land, instead of interest on the price.

The testimony of *Sims*, who purchased from the defendants, shows that the plaintiff considered his original agreement as still binding upon them, after the stay of execution. He had a clear legal right to require a credit of $2,400, after the purchase by the bank, and his doing so cannot be construed into a renunciation of his previous agreement. *Hall*, the first cashier, says that the proceeds of the re-sale were to be applied to the payment of the bond, but is silent in relation to the application of the price paid by the plaintiff for the benefit of the defendants. The imputation must, therefore, be made in the manner provided by law.

Cook
*v.*
Bank of Lou-
isiana.

The land has since been sold by the bank for a price more than sufficient to pay their claim. But as the whole price is not shown to have been paid, the accounts between the parties cannot, at this time, be finally settled.

It is therefore ordered, that the judgment in this case be reversed, and the injunction perpetuated, with costs in both courts; reserving to both parties their rights on the final settlement of their accounts.